HON. MARVIN GEORGE FLORMAN Mayor, Village of Kensington
We acknowledge receipt of your letter asking for our opinion whether in a village which has provided for only one elected village justice it is mandatory or discretionary that there by an acting village justice to serve in the absence or inability of the village justice to serve. You further inquire whether the mayor would make the appointment to that office and whether the village board of trustees must approve the appointment. You also ask how an acting village justice is paid; i.e., by salary, per diem allowance or on a fee or per case basis.
In our opinion, Village Law § 3-301 (2[a]) provides that if a village has established the office of one village justice then it must also have an acting village justice to serve in the absence or inability of the village justice to serve. Subdivision 2 is couched in permissive, rather than mandatory, language. The permissiveness, however, relates to the establishment of the office of village justice and to whether there shall be one village justice or two village justices. If the option to have but a single village justice is selected, then it is mandatory that there also be an acting village justice.
In our opinion, the office of acting village justice is an appointive village office under Village Law § 3-301(3). Such officer must be appointed by the mayor subject to the approval of the board of trustees and, under the provisions of Village Law §3-302 (4), the term of office of an acting village justice is one year or the remaining portion thereof.
In our opinion, the compensation of an acting village justice must be on a salary basis and not on a per diem, per case or fee basis; the salary should be fixed after careful consideration of the probable amount of time the acting village justice will have to perform his duties during the course of the year. If, because of unexpected and unforseen events, the acting village justice is required to handle an unexpectedly high volume of business during the year, the salary may be increased during the term of his office if there are moneys in the village budget which otherwise properly can be allocated to this use and provided that the salary increase is for expected future duties and not those already performed. Because an acting village justice is not an elective village officer, such a pay increase to take effect during the term of the office is not subject to a referendum.